JOSEPH TURCK, PLAINTIFF-RESPONDENT, v. JASPER S. ALLARD ET AL., DEFENDANTS-APPELLANTS.

Argued March 12, 1915—Decided June 14, 1915.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment in favor of plaintiff on a mechanics' lien. The plaintiff is an architect, and claims a lien for the agreed price for drawing plans and specifications and superintending the work of erecting a building for the defendant Laura Dalio. When the building was nearing completion Dalio conveyed the property to defendant Allard, in trust, for creditors who had participated in the construction of the building.

"A rule to show cause was allowed defendants containing a reservation that 'the defendants be permitted to reserve the exception taken at the trial as to the question whether an architect can maintain a lien for drawing plans, and if not, whether the entirety of the contract for his services would not destroy his right of lien for a part thereof.' The rule to show cause was afterwards discharged, and the present appeal was taken.

"The first point argued is, that the claim of the plaintiff was not established as against the builders. Since this contention is manifestly not within the reservation, it is not properly before us for consideration.

"The second contention is that an architect can have no lien for preparing plans and specifications. We think that when, as here, the architect not only drew the plans and specifications, but also supervised the erection of the building, he is entitled to claim a lien for his entire service. *Mutual Benefit Life Insurance Co.* v. *Rowand*, 26 *N. J. Eq.* 389.

"Finally, it is contended that the contract being entire, and not having been entirely performed through no fault of the plaintiff, but because of the inability of the contractor to complete it, the plaintiff is deprived of his right to lien. The reservation contained in the rule does not comprehend this contention, but if it did we would have no difficulty in concluding that it is devoid of merit.

"The judgment will be affirmed."

For the appellants, *George J. McEwan* and *John Warren.*

For the respondent, *Dippel & Dippel.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.